# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ANGELA ALBANESE, and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No.   3:13-cv-01464-JM-RBB<br><br>PTC:　　　　01/16/2015<br>Trial:　　　　02/17/2015<br>Action Filed :　06/25/2013 |
| ANGELA ALBANESE,<br><br>　　　　Third-Party Plaintiff,<br><br>vs.<br><br>MATRIX DIRECT,<br><br>　　　　Third-Party Defendant. | **ORDER GRANTING JOINT MOTION FOR A PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION – AS MODIFIED BY THE COURT** |
| ANGELA ALBANESE,<br><br>　　　　Counter-Claimant,<br><br>vs.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY and MATRIX DIRECT,<br><br>　　　　Counter-Defendants. | |

BARGER & WOLEN LLP
19800 MACARTHUR BLVD.
EIGHTH FLOOR
IRVINE, CA 92612
(949) 757-2800

# PROTECTIVE ORDER

Good cause having been shown within the parties' Joint Motion, the Court hereby orders that the following terms shall govern the handling of such documents produced or disclosed by the parties in this case.

1. In connection with discovery in this case, the parties and/or third persons/entities who are not parties to this litigation, may be required to furnish and/or produce certain documents, including but not limited to documents containing confidential, financial, personal, trade secret, and/or proprietary information related to a party's agency, underwriting, investigation, contracts, agreements, operations, as well as other documents of the parties.  These documents have not been made public and the disclosure of such documents might harm a party's competitive position, and might harm constitutionally protected privacy rights of the parties or third persons/entities.  These documents are confidential and shall not be disclosed by any party or any of their agents or representatives, except as set forth under the terms of this Protective Order.  Collectively, such documents are referred to as "Confidential Information" herein.

2. Nothing in this Protective Order shall be construed as limiting in any way the right of any party to object to furnishing information sought by any other party, any party's right to object to information requested to be furnished by any third person/entity, or any third person/entity's right to object to furnishing information.  It is also understood that this Protective Order is not intended to be, and therefore should not be, construed as affecting the right of any party to withhold information based on a claim of privilege.  This Protective Order shall not affect a party's or third person/entity's use of its own information or documents.  Nothing in this Protective Order shall be construed as limiting in any way the right of any party to object to

another party designating documents as being "Confidential Information." If any such dispute cannot be informally resolved, it shall be resolved by the Court upon noticed motion brought by the party asserting the claim of confidentiality, who shall bear the burden of proof that such information is confidential.

3. The Confidential Information produced by the parties and/or third persons/entities who are not parties to this litigation, and information derived or obtained therefrom, shall not be used by the parties (or related persons and/or entities described in paragraph 5 below) for commercial purposes and/or any non-litigation purposes, and shall be used solely for the purpose of this litigation.

4. To further ensure non-disclosure, all Confidential Information shall be identified and conspicuously marked "Confidential." Such identification and marking shall be made at the time when the document is produced by such party.

5. The Confidential Information, and information derived or obtained therefrom, shall be used solely for the litigation of this action, and for no other purpose, and shall not be disclosed or made available to anyone other than the following persons, and then only to the extent necessary to prosecute or defend this action:

    a) Parties to this action, and their officers, directors, authorized present and former employees or agents deemed necessary by counsel for the prosecution or defense of this litigation;

    b) The attorneys for the parties to this action and their employees;

BARGER & WOLEN LLP
19800 MACARTHUR BLVD.
EIGHTH FLOOR
IRVINE, CA 92612
(949) 757-2800

    c)     Consultants, experts and investigators, (together with their clerical staff) if any who are consulted by any party to this action, or their attorneys, in the prosecution or defense of this action;

    d)     Any person from whom testimony is taken or to be taken in this action, except that such person only may be shown Confidential Information (and information derived or obtained therefrom, during his or her testimony, review of same, and in preparation therefor, and only to the extent relevant to such testimony), and may not copy or retain any such information;

    e)     Court reporters used in connection with this action and their employees;

    f)     The Court and its staff;

    g)     The jury;

    h)     Those present in the Courtroom during the trial of this matter, including all pre-trial and motion hearings, and during presentation/argument of this evidence unless the Court orders otherwise; and

    i)     Any other person as to whom the parties agree in writing.

6.     All persons described in Paragraph 5 above shall not disclose any portion of said Confidential Information and shall not use any information derived or obtained therefrom except in conformance with this Joint Motion and related order, and for purposes of this litigation. With respect to official court employees, said employees shall not be bound by the terms of this Protective Order except to the

BARGER & WOLEN LLP
19800 MACARTHUR BLVD.
EIGHTH FLOOR
IRVINE, CA 92612
(949) 757-2800

extent of normal court procedures and applicable laws for Court-ordered sealed documents, such that Court administration is not unduly impeded.

No items will be filed under seal without a prior application to, and order from, the judge presiding over the hearing or trial. Only when the judge presiding over the hearing or trial permits filing an item or items under seal may confidential material be filed with the Court under seal.

Whenever the Court grants a party permission to file an item under seal, a duplicate disclosing all nonconfidential information shall be filed and made part of the public record. The item may be redacted to eliminate confidential material from the public document. The public document shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment." The public redacted documents shall be filed within twenty-four hours of the Court order authorizing the filing of a document under seal.

7.     All consultants, experts and investigators to whom a party desires to disclose Confidential Information, or information derived or obtained therefrom, must sign the agreement in the form of Attachment "A" attached hereto prior to the disclosure of the Confidential Information or information derived or obtained therefrom to such person, and the attorney retaining such consultant, expert or investigator shall maintain the signed copy of Attachment "A" for at least three (3) years after the final termination of the litigation.

8.     The following procedures shall apply to depositions:

    a)     Deposition transcripts or portions thereof which contain or refer to Confidential Information may be designated as "CONFIDENTIAL" before or during the deposition, in which case the transcript of the testimony and exhibits designated as "CONFIDENTIAL" shall be bound in a separate volume and marked with the word "CONFIDENTIAL" by the reporter, as the party seeking to designate the Confidential Information as confidential may direct. The disclosure of Confidential Information, testimony and/or exhibits containing or referring to Confidential Information to court reporters, videographers and/or their staff shall not change the confidential status of Confidential Information and shall not be deemed a waiver of privileges asserted as to the Confidential Information.

    b)     Where testimony or documents are designated as Confidential Information at a deposition, the parties hereto may exclude from the deposition all persons other than those to whom the Confidential Information may be disclosed under paragraph 5 above.

    c)     Any party may mark Confidential Information, or information derived or obtained therefrom, as a deposition exhibit and examine any witness thereon, provided that the deposition witness is a qualified person to whom the exhibit may be disclosed under paragraph 5 above and that the exhibit and related transcript pages receive the same confidentiality designation as the original Confidential Information.

    d)     Notwithstanding all of the foregoing, to eliminate the need for marking Confidential Information and documents containing information derived or obtained therefrom in a deposition, the parties shall strive to reach

agreement to refer to such documents by control or Bates-stamp number, and agree that, to the extent a witness might authenticate a document at a deposition, with the document attached, he or she can do so similarly if the document is not attached, but is sufficiently described by control or Bates-stamp number.

9. Nothing in this Protective Order, nor the production of any Confidential Information, nor any proceedings pursuant to this Stipulation, shall be deemed to have the effect of an admission or waiver by any party, or of altering the confidentiality of any document or information obtained or derived therefrom.

10. The disclosure and production of any Confidential Information which is the subject of this Protective Order shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information derived or obtained therefrom or on the same or related subject matters.  Further, nothing in this Protective Order shall be deemed a waiver of any objections any party may have to the admissibility of Confidential Information or information derived or obtained therefrom.  All applicable objections are hereby expressly reserved.

11. If any party inadvertently discloses and/or produces any Confidential Information which is the subject of this Protective Order, said inadvertent disclosure and/or inadvertent production shall not be deemed as a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matters.

12. In light of the confidentiality and personal and commercial sensitivity of the Confidential Information, it is agreed that any party that violates this Protective

1  Order shall immediately use her or its best efforts to recover all such materials and
2  information and to prevent any use or dissemination of the Confidential Information
3  and materials, and any party that violates this Protective Order shall be subject to any
4  and all appropriate remedies, including, but not limited to, contempt and/or sanctions.

6        13.    This Protective Order shall continue to be binding after the conclusion of
7  this litigation.  At any time, a party may seek written permission from the producing
8  party or order of the Court with respect to the relief from or dissolution or
9  modification of this Protective Order.  Within thirty (30) days after final conclusion
10 of this case, all persons described in Paragraph 5 (a), (c), (d), and (i) above, who have
11 been provided with any Confidential Information therefrom shall assemble and return
12 all such Confidential Information to the counsel who furnished such Confidential
13 Information to them.  With respect to persons described in Paragraph 5 (a), (c), (d)
14 and (i), counsel for each party shall be responsible for assembling and returning to
15 counsel for the party producing the Confidential Information all such Confidential
16 Information and shall destroy all related notes on paper and/or on any computer data
17 storage system.  The parties shall maintain all Confidential Information produced by
18 them within their possession, custody and control for a period not less than three (3)
19 years after the final termination of this action.

21       **IT IS SO ORDERED.**

23 DATED:  April 9, 2014        _____
                                                   THE HON. RUBEN B. BROOKS
                                                   United States Magistrate Judge

BARGER & WOLEN LLP
19800 MACARTHUR BLVD.
EIGHTH FLOOR
IRVINE, CA 92612
(949) 757-2800